11-4656                                                              BIA
Macelara v. Holder
A028 906 621

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of September, two thousand twelve.

PRESENT:
>        RALPH K. WINTER,
>        JOSEPH M. McLAUGHLIN,
>        PETER W. HALL,
>             *Circuit Judges.*

_____

SKUMBIN MACELARA,
>        *Petitioner,*

>        v.                                     11-4656
>                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

| | |
|---|---|
| FOR PETITIONER: | Michael P. DiRaimondo, Melville, New York. |
| FOR RESPONDENT: | Stuart F. Delery, Acting Assistant Attorney General; William C. Peachey, Assistant Director; Flor M. Suarez, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Skumbin Macelara, a native and citizen of the former Yugoslavia, in what is now Macedonia, seeks review of an October 13, 2011, order of the BIA denying his motion to reopen. *In re Skumbin Macelara*, No. A028 906 621 (B.I.A. Oct. 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). A petitioner may file only one motion to reopen, and that motion must be filed within 90 days of the date the final administrative decision was rendered, 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2), unless the motion is based on material evidence of changed country conditions arising in the petitioner's country of nationality, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

Here, there is no dispute that Macelara's 2011 motion was untimely and number-barred because he previously filed a motion to reopen and his administrative order of removal became final in 1996. *See* 8 U.S.C. § 1229a(c)(7)(A),

(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). In addition, the evidence of changed conditions in Macedonia submitted with Macelara's motion, an affidavit by Balkan history professor Dr. Bernd Fischer,[1] was insufficient to establish materially changed conditions in Macedonia since his last hearing. *See Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."); *accord* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA considered the evidence in Dr. Fischer's affidavit of ethnic conflicts for Albanian Muslims, like Macelara, and reasonably concluded that ethnic tensions have been ongoing throughout the history of the region, and do not appear to have worsened in recent years.

Macelara's contention that the BIA violated his due process rights by "fail[ing] to analyze the record as a whole" is not supported by the record, because the BIA considered the evidence he submitted of changed conditions in Macedonia, and provided adequate findings regarding that

---

[1] Contrary to Macelara's assertion, the BIA credited Dr. Fischer as an expert in Balkan history.

evidence.  *See  Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("[t]o establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness" (internal quotation marks omitted)).  To the extent Macelara argues that the BIA is "systematically denying" motions to reopen based on an "excessively high standard," he has provided no evidence to support this claim.  <u>See</u> *INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) (statements of counsel in a brief are not evidence).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4